CARL E. SHELDON

*v.*

STATE OF ILLINOIS.

*Opinion filed May 21, 1923.*

FEES AND SALARIES—*salary of City Judge, how fixed.* The salary of a City Judge is not fixed by law but by number of inhabitants of the city in which he is elected.

SAME—*when rule that salary of an officer cannot be changed during term does not apply.* While the salary of an office cannot be changed during the term of an office holder, elected or appointed, the law has no application to an office the salary of which is determined by the number of inhabitants of the election district in which he is elected.

Edward J. Brundage, Attorney General, for State.

The claimant in the above entitled cause alleges that he was Judge of the City Court of the city of Sterling, Illinois, for a term commencing April 1, 1918, and ending March 31, 1922; that prior to January 1, 1920, the only census of the city of Sterling which had been taken was the Federal census of 1910, which showed the population of the said city of Sterling to be more than five thousand and less than eight thousand, and that on January 1, 1920, the Federal census was taken, which showed the population of said city of Sterling to be more than eight thousand and less than twenty-five thousand. It appearing to the Court that, as provided by paragraph 355 of chapter 37 of Smith's Illinois Revised Statutes, 1921; that in cities of more than five thousand and less than eight thousand that the salary of City Judges in cities of the character of the city of Sterling should be $1,500.00 per annum. It further appearing to the Court that the city of Sterling, according to the census of 1920 contained a population in excess of eight thousand inhabitants, and in accordance with such population the salary of City Judge of Sterling would be $2,000.00 per annum. It further appearing to the Court that claimant served as such City Judge of Sterling for two and one-fourth years after the census of 1920 which showed the population of said city to be in excess of eight thousand.

There is no controversy as to the fact of the city of Sterling having an excess of eight thousand population in 1920, and the only proposition before the Court is whether or not the rule of no change in salary during the term of office, such as was held by the claimant, would prevail in this case. In most cases the salary is fixed by law and in consequence there can be no change, as has been well settled by our Courts, during the term to which the office holder was elected or appointed, but in this case it appears to the Court that the salary of the

incumbent was fixed by the number of inhabitants rather than by law, and when the claimant entered upon the performance of his duties in such judicial capacity, he had a right to believe that his compensation would be that which would be awarded according to the population of his city. Consequently in 1920, the period that the population of the city of Sterling had exceeded eight thousand, it become apparent that the salary to be paid to the claimant would by such showing be in accordance with that which was allowed and should be allowed to the position of City Judge when the population had exceeded that of eight thousand, and this Court is of the opinion that the claimant is entitled to his salary of $2,000.00 per annum on and after the showing of the census of 1920, which showed the population of the city of Sterling to be upward of eight thousand. The Court is further of the opinion that the claimant is entitled to an award of $500.00 per year for two and one-fourth years, amounting to $1,125.00.

It is therefore recommended by the Court that the claim be allowed in the sum of $1,125.00, which is in accordance with the provisions of the statute in cases of cities of upward of eight thousand inhabitants.